American Home Products Corp and Wyeth-Ayerst Laboratories, a Division of American Home Products Corporation v. Fawn C. Clark, et al.
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-134-CV

     AMERICAN HOME PRODUCTS CORPORATION AND
 WYETH-AYERST LABORATORIES, ADIVISION OF 
     AMERICAN HOME PRODUCTS  CORPORATION,
                                                                              Appellants
     v.

     FAWN C. CLARK, SYLVIA JACOBSON, ANNA 
     KRAUS, SCHARLET LAWS, NANCY WEBSTER, 
     DONNA WELCH, DELIA ZEEH, CAROL BODILY, 
     MARY JO HALL AND  SHONNA BUSH,
                                                                              Appellees
 

From the 249th District Court
Johnson County, Texas
Trial Court # 249-213-98
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                      I was wrong when I joined the order to abate this appeal and asked for a more specific order
from the trial court. It is not too late to correct my error. I would not dismiss this appeal.
      We have the jurisdiction and the duty to review the trial court's determination of venue in this
multi-plaintiff case. American Home is a party opposing the joinder of multiple individuals as
plaintiffs. The trial court has issued an order allowing the joinder. The legislature has clearly
given us jurisdiction to review that determination by interlocutory appeal.
THE DISAGREEMENT
      The trial court was presented with two issues.


 In one issue American Home challenged
venue under section 15.002


 and by another issue challenged venue for the joinder of these
plaintiffs and their claims under section 15.003. From the trial court's original order we were not
able to determine the specific basis of the ruling which allowed the joinder of all these plaintiffs. 
I joined the other justices in asking for clarification of the trial court's order.
      The trial court's revised order states that each plaintiff has established venue as to all
defendants.


 The order holds: “Accordingly, it is ORDERED that the motion to transfer venue
and/or motions objecting to venue/joinder filed by Defendants American Home Products,...are
DENIED.” Joinder of all eleven plaintiffs in this one suit in Johnson County is thus allowed by
the trial court. The majority holds that the court determined venue was proper under section
15.002 and because there is no interlocutory appeal of a section 15.002 venue determination, we
have no jurisdiction. According to the majority that is the end of our inquiry. Because I believe
section 15.003 gives us jurisdiction of this interlocutory appeal, and was specifically designed to
cover this very situation, I would not dismiss the appeal. The trial court has denied American
Homes the relief they sought pursuant to section 15.003. I would consider the merits of the appeal
under the authority and guidelines of section 15.003.
PLAIN LANGUAGE OF SECTION 15.003
      The plain language of section 15.003 gives the Court jurisdiction of this interlocutory appeal. 
Eleven plaintiffs have joined in one suit. American Home challenged that joinder in the trial court
and lost. Within 20 days of the trial court's order American Home brought an appeal of that
determination to this Court. Those are the elements necessary to establish our jurisdiction under
section 15.003. The specific wording of the statute is as follows:
(c) Any person seeking intervention or joinder, who is unable to independently
establish proper venue, or a party opposing intervention or joinder of such a person may
contest the decision of the trial court allowing or denying intervention or joinder by
taking an interlocutory appeal to the court of appeals district in which the trial court is
located under the procedures established for interlocutory appeals. The appeal must be
perfected not later than the 20th day after the date the trial court signs the order denying
or allowing the intervention or joinder. The court of appeals shall:
 
(1) determine whether the joinder or intervention is proper based on an
independent determination from the record and not under either an abuse of
discretion or substantial evidence standard; and
 
                  (2) render its decision not later than the 120th day after the date the appeal
is perfected by the complaining party.

The statute is very specific. Each element of the statute necessary to establish our jurisdiction is
met. We have jurisdiction of this interlocutory appeal. American Home Products Corporation
v. Bernal, No. 13-99-089-CV, 1999 WL 640034, note 1 (Tex. App.–Corpus Christi, August 19,
1999, n.p.h.).
      An argument could be made that we only have jurisdiction if it is determined that the party
seeking joinder is unable to independently establish proper venue. The question then becomes who
makes that decision and whether we can review that decision and determine for ourselves whether
we have jurisdiction. Obviously the trial court must initially make that decision. Once made, this
Court has the jurisdiction to review that determination. It has been firmly established that we have
the jurisdiction to determine whether we have jurisdiction. In this instance our review would
include a determination of whether each plaintiff, independently of any other plaintiff, had
established Johnson County as a proper venue.
OUR STANDARD OF REVIEW
      The statute also specifies that our standard of review is an independent determination from
the record. Tex. Civ. Prac. & Rem. Code Ann. § 15.003(c) (Vernon Supp. 1999). We are
specifically prohibited from using an abuse of discretion or substantial evidence standard. Id. 
This strengthens the argument that we are to conduct our own independent review of each
determination that the trial court has made in denying a challenge to venue under section 15.003.
      The trial court's original order was all that was needed to give this Court jurisdiction. It is
clear that American Home had challenged joinder of the eleven plaintiffs in this venue. The trial
court's order denied American Home's motion challenging the joinder and allowed joinder of all
eleven plaintiffs. We should have proceeded to our independent review of the joinder of these
plaintiffs rather than abate the appeal for a more specific order. We should not again fail to follow
our legislatively mandated duty by now dismissing this interlocutory appeal.

                                                                         TOM GRAY
                                                                         Justice

Dissenting opinion delivered and filed September 8, 1999
Publish